UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DARRYL W. McKNIGHT, ) | Case No. 1:21-cv-1264 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge Thomas M. Parker |
| ) | |
| CUYAHOGA COUNTY JUSTICE ) | |
| SYSTEM CENTER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**OPINION AND ORDER**

*Pro se* Plaintiff Darryl W. McKnight filed this action against the Cuyahoga County Justice System Center. His complaint contains no facts and no legal claims. It states only that he is a requesting a settlement agreement for $100,000.00. He subsequently filed a supplement to his complaint in which he states that he was wrongfully convicted in 2009 and did not receive the proper amount of jail time credit. (ECF No. 4.) He does not provide factual allegations with this supplement. In addition, he also asked to change Defendant to the Cuyahoga County Common Pleas Court Criminal Division and increase his request for damages to $24,000,000.00. (ECF No. 5.)

STANDARD OF REVIEW

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable

basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level. *Twombly*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

As an initial matter, Plaintiff has not identified a viable Defendant against whom this action can proceed. Neither the Cuyahoga County Common Pleas Court nor the Cuyahoga County Justice System are *sui juris*, meaning they are not

separate legal entities under Ohio law that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (holding that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued"); *Black v. Montgomery Cnty. Common Pleas Court*, No. 3:18-CV-00123, 2018 WL 2473560, at *1 (S.D. Ohio June 4, 2018) (determining that common pleas court was not *sui juris*). As a consequence, Plaintiff's claims against these entities fail as a matter of law.

Furthermore, to meet the basic notice pleading requirements of Federal Civil Procedure Rule 8, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff states only that he feels he was wrongfully convicted and his jail time was not properly calculated. He does not provide the Court with any additional facts, nor does he identify a legal theory under which the Court can grant him relief. Plaintiff has not met federal notice pleading requirements.

Moreover, even if he had provided additional facts and stated a legal claim, Plaintiff cannot challenge his conviction or the length of his sentence in a civil rights action. To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under 42 U.S.C. § 1983. Therefore, when a state prisoner seeks damages in a civil suit, the Court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. If, however, the Court determines that the plaintiff's claims, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Here, a favorable ruling on claims of wrongful conviction or incorrect sentence calculation would call into question the validity of Plaintiff's conviction and his sentence. Therefore, he cannot bring this action unless his conviction and sentence were overturned on appeal or called into question in a federal habeas petition. He does not allege that either of these things occurred.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) and **DISMISSES** this action under 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. Further, the Court **DENIES** Plaintiff's Request for Settlement Options (ECF No. 5), Request for

4

Defendant to Submit Documents (ECF No. 6), Request to Restore Criminal Record as Clean (ECF No. 7), and Request for Trial or Decision Granting Plaintiff's Win (ECF No. 8).

**SO ORDERED**.

Dated: November 8, 2021

*[signature]*

J. Philip Calabrese
United States District Judge
Northern District of Ohio